## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ERIC L. MOORE,

      Appellant,

v.                                 CASE NO. 8:15-CV-447-EAK

BAMBI HERRERA-EDWARDS,

      Appellee.

_____/

## ORDER

      This matter comes before the Court pursuant to Eric Moore's appeal from an order disallowing a $10-million claim that he filed in Bambi Herrera-Edwards' bankruptcy case. The Court has for consideration Moore's amended initial brief (Dkt. 20), Herrera-Edwards' response brief (Dkt. 22), Moore's reply brief (Dkt. 27), and supplemental briefs filed pursuant to this Court's request (Dkt. 38, 39).  Moore, who is proceeding pro se, has also filed an "Emergency Motion to Report Fraud" (Dkt. 40), to which Herrera-Edwards has responded in opposition (Dkt. 41).  Upon consideration, the bankruptcy judge's order is **AFFIRMED** and Moore's motion is **DENIED**.

## BACKGROUND

      The appellee, Bambi Herrera-Edwards, was at one time married to Bernard Edwards, who co-authored and performed several popular songs, including "We Are Family" and "Le Freak."  (Dkt. 29-5 at 2).  After Bernard Edwards died, Herrera-Edwards settled tort claims against the estate in exchange for a 37.5% interest in his copyrights.  (Id. at 3).

      The appellant, Eric Moore, is a "treasure hunter" of artists' royalties.  (Id. at 1).  In

2012, Herrera-Edwards executed a consulting agreement with Moore, in which she agreed to compensate Moore for helping her recover additional money related to the copyrights. (Id. at 7-8).

Later that year, Herrera-Edwards filed for Chapter 11 bankruptcy protection. (Dkt. 32-1 at 4). In February 2014, Moore filed a $10-million proof of claim in the bankruptcy case, based on services that he rendered under the consulting agreement. Herrera-Edwards filed objections to the proof of claim, as well as her own affirmative claims for relief, which triggered a separate adversary proceeding. (Id.).

On January 29, 2015, the bankruptcy judge entered a final judgment in the adversary proceeding that: (1) disallowed Moore's claim, and (2) awarded $45,000.00 to Herrera-Edwards on her claims for fraudulent inducement and unjust enrichment. (Id. at 6). Also on January 29, 2015, the bankruptcy judge entered an order in the underlying bankruptcy case that disallowed Moore's claim. (Dkt. 1-2). As Herrera-Edwards recognizes, the order entered in the underlying bankruptcy case was essentially a ministerial act to implement the final judgment from the adversary proceeding. (Dkt. 39 at 7). The order and the final judgment were each based on a 27-page memorandum opinion. (Dkt. 29-5).

Moore filed a notice of appeal from the final judgment in the adversary proceeding, which was docketed as Case No. 8:15-cv-446, and assigned to the Honorable James D. Whittemore. Moore also filed a notice of appeal from the order in the underlying bankruptcy case, which was docketed as the instant appeal, Case No. 15-cv-447.

As a technical matter, appellate jurisdiction exists for both appeals. 28 U.S.C. § 158(a); Greer v. O'Dell, 305 F.3d 1297, 1302 (11th Cir. 2002) (holding that an order

2

disallowing a claim is final and appealable); see also In re Six, 80 F.3d 452, 455 (11th Cir. 1996) (noting than an interlocutory order that is duplicative of a final order may be reviewed along with the final order).  As a practical matter, the two appeals raise substantially similar issues.  As a result, Herrera-Edwards moved to transfer the instant case to Judge Whittemore.  (Dkt. 7).  This Court denied the motion, which, under Local 1.04(b), could only be granted with the consent of the transferee judge.  (Dkt. 26).  The Court instead stayed this appeal while the other appeal proceeded. (Dkt. 31).

On March 18, 2015, Judge Whittemore entered an order that: (1) affirmed the disallowance of Moore's claim, (2) vacated the $45,000 judgment in Herrera-Edwards' favor on her state-law claims, and (3) remanded the case to the bankruptcy court.  (Dkt. 32-1).  On April 14, 2016, this Court directed the parties to file supplemental briefs addressing the effect of Judge Whittemore's decision on the instant appeal. (Dkt. 37).  The parties have filed their briefs, and the matter is now ripe for disposition.  (Dkts. 38, 39).

## DISCUSSION

The order disallowing Moore's $10-million claim is due to be affirmed for two reasons.  First, Moore has abandoned the issues on appeal.  Second, Judge Whittemore has already affirmed the disallowance of Moore's claim, and that decision is controlling under the law-of-the-case doctrine.

### The issues on appeal are abandoned

Moore identifies five issues on appeal. (Dkt. 20 at 22).  In the first, second, and fifth issues, Moore challenges the bankruptcy judge's finding that Moore fraudulently induced Herrera-Edwards to execute the consulting agreement, rendering the agreement

unenforceable.[1]   (Id.).   However, Moore does not challenge the bankruptcy judge's alternative finding that, even if the consulting agreement was enforceable, Moore did not perform compensable services under the agreement.   Thus, Moore has abandoned any challenge to the bankruptcy judge's alternative rationale.   Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 683 (11th Cir. 2014).   Moore's belated argument in his reply brief does not suffice.  Id. at 682-83; Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

Moore identifies two other issues.   In the fourth issue, he maintains that the bankruptcy judge violated the parol-evidence rule by adding terms to the consulting agreement.  (Dkt. 20 at 22).   Moore includes no argument on this issue in his initial brief, and it is therefore abandoned.   Sapuppo, 739 F.3d at 681; Timson, 518 F.3d at 874.

Moore broadly frames the third issue as: "Whether the appellant is entitled to [a] pre-petition claim, administration claim, rejection damages or a claim under Quantum Meruit." (Dkt. 20 at 22).   Apart from the arguments related to fraudulent inducement, Moore includes no argument on these issues in the initial brief.   Accordingly, the third issue is also abandoned.  Sapuppo, 739 F.3d at 681; Timson, 518 F.3d at 874.

### The law-of-the-case doctrine

Even if Moore had adequately briefed the issues he raises on appeal, the bankruptcy judge's order is due to be affirmed because Judge Whittemore has already decided the same issues. Pursuant to the law-of-the-case doctrine, "the findings of fact and

---

[1] Specifically, the issues are: "Whether the Court erred in determining that Ms. Edwards was fraudulently induced by the Appellants failure to disclose his prior criminal charge when no legal duty to do so or Fiduciary relationship was proven," "Whether the Court erred in rendering final judgment on fraud based on allegations not pled or tried by consent," and "Whether the Appellee's complaint failed to state a cause of action for Fraud in the Inducement under Florida law and/or Pressman v. Wolf." (Dkt. 20 at 22).

4

conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal." This That & The Other Gift & Tobacco, Inc. v. Cobb County, 439 F.3d 1275, 1283 (11th Cir. 2006) (internal quotation marks omitted). The doctrine bars re-litigation "of issues that were decided either explicitly or by necessary implication." Id.

As explained above, Moore appealed from both the final judgment in the adversary proceeding and the order entered in the underlying bankruptcy case. Both the judgment and the order disallowed Moore's claims. In the appeal from the final judgment, Judge Whittemore expressly affirmed the disallowance of Moore's claims. In particular, Judge Whittemore held that, while the bankruptcy judge erred in finding that the consulting agreement was fraudulently induced, the bankruptcy judge correctly determined that Moore provided no compensable services under the consulting agreement. (Dkt. 32-1 at 9-13). In connection with that analysis, Judge Whittemore specifically addressed, and rejected, Moore's parol-evidence challenge. (Id. at 11-12).

In his supplemental brief, Moore identifies no exception to the law-of-the-case doctrine that would support reconsideration of Judge Whittemore's thorough and well-reasoned analysis. (Dkt. 38); see This That & The Other Gift &Tobacco, Inc., 439 F.3d at 1283 (explaining that the law-of-the-doctrine may only be overcome with new and substantially different evidence, with a change in controlling authority, or if there is clear error and manifest injustice). Instead, Moore raises a number of unrelated arguments, which are briefly addressed below.

Moore maintains that, because Judge Whittemore determined that the bankruptcy judge erred in evaluating the fraudulent-inducement claim, the consulting agreement is

necessarily valid. (Dkt. 38 at 8-9, 13, 16).  Moore also argues that Herrera-Edwards should be estopped from challenging the validity of the consulting agreement.  (Id. at 11-12, 17).  Moore's contentions are unavailing.   As explained above, the validity of the consulting agreement is not material to this appeal because Moore failed to challenge the bankruptcy judge's alternative finding that Moore provided no compensable services under the agreement.

In a belated challenge, Moore now argues that the bankruptcy judge erred by considering the issue of compensable services because the judge entered a bifurcation order limiting the evidentiary hearing to "the validity of Eric Moore's claims and his liability on Edwards' claims, while staying discovery on the value/damages issues." (Id. at 8-9, 14, 24).[2]   Moore did not raise this issue in his initial brief and it is therefore abandoned. Hamilton v. Southland Christian Sch., Inc., 680 F.3d 1316, 1318 (11th Cir. 2012). Moreover, the threshold question of whether Moore provided any compensable services under the consulting agreement is central to the validity of Moore's claims, and it is distinct from the issue of damages.

Finally, Moore maintains that the bankruptcy court lacked jurisdiction under Stern v. Marshall, 564 U.S. 462 (2011).  (Dkt. 38 at 15).  In remanding to the bankruptcy court, Judge Whittemore raised the question of whether the bankruptcy judge had authority to enter the $45,000 judgment on Herrera-Edwards' state-law claims for fraudulent inducement and unjust enrichment, in light of Stern.  (Dkt. 32-1 at 14); see Stern, 564 U.S. at 503 (holding that the bankruptcy court lacked jurisdiction to resolve a state-law claim that

---

[2] Moore makes a related argument that the parties stipulated to limit the issues (Dkt. 38 at 5), but the cited portion of the record documents no such stipulation.  (See Dkt. 8-24 at 6-10).

was not necessarily resolved in ruling on a creditor's proof of claim).   But as Judge Whittemore's order implicitly recognized, <u>Stern</u> does not call into question the bankruptcy judge's authority to adjudicate Moore's own proof of claim.   <u>See id.</u>

Absent a more meaningful challenge, Judge Whittemore's earlier decision (Dkt. 32-1) is the law of the case.   Based on the findings of fact and conclusions of law in that decision, the bankruptcy court's order disallowing Moore's claims is due to be affirmed.

### Emergency motion

After the parties filed their supplemental briefs, Moore filed an "Emergency Motion to Report Fraud on [the Court]," in which he asserts that certain documents in Bernard Edwards' probate case are fraudulent. As Herrera-Edwards points out, the bankruptcy judge rejected a similar argument (Dkt. 29-5 at 15), and Moore did not appeal that ruling.

In a similar vein, Moore maintains that Herrera-Edwards' response brief in this appeal falsely represents that the probate documents are valid.   (Dkt. 40 at 16).   But as Herrera-Edwards responds, the challenged portion of her brief is essentially a restatement of the bankruptcy judge's factual finding (Dkt. 29-5 at 4), which Moore again did not appeal.

To the extent that Moore requests this Court to supplement the record with additional documents from the probate court, that request is denied.   This Court may supplement the record on appeal only if "material" items are omitted or misstated.   Bankr. R. 8009(e)(2)(C).   The probate documents are not material to this appeal because Moore did not challenge the bankruptcy judge's legal and factual findings related to the probate case.

Moore identifies no other conduct that constitutes fraud on this Court or upon the bankruptcy court. <u>Travelers Indem. Co. v. Gore</u>, 761 F.2d 1549, 1551-52 (11th Cir. 1985). At best, Moore's motion is an attempt to challenge proceedings in a state probate court

7

over which this Court has no jurisdiction. The emergency motion is therefore denied. Moore's unauthorized reply brief will be stricken, pursuant to Local Rule 3.01(c).

## CONCLUSION

Based on the foregoing, the Court holds that Moore has abandoned all issues on appeal. In the alternative, the order from which Moore appeals is due to be affirmed because Judge Whittemore's decision in the related appeal is the law of the case. Accordingly, it is **ORDERED**:

(1)     The "Emergency Motion to Report Fraud" (Dkt. 40) is **DENIED**;

(2)     The unauthorized reply (Dkt. 43) is **STRICKEN**, and the Clerk is directed to remove the image from the docket;

(3)     The Clerk shall enter judgment as follows: "The bankruptcy court's January 29, 2015, order sustaining objections and disallowing Eric. L. Moore's claims is **AFFIRMED**.";

(4)     Pursuant to Bankruptcy Rule 8024, upon entry of judgment, the Clerk is directed to immediately transmit a notice of the entry to each party, to the United States trustee, if any, and to the bankruptcy clerk, together with a copy of this order. The Clerk shall immediately note the date of such transmission on the docket;

(5)     The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED**, in Chambers, in Tampa, Florida on this ___7th___ day of September, 2016.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
Pro se appellant, Eric L. Moore
Counsel of record